Nov. Term,
1822.

HEATH
v.
SHELBY.

---

## HEATH *v.* SHELBY.

On the trial of a cause, material evidence offered by the defendant was improperly rejected; and there was a verdict against him. The Court, in consequence of that mistake, granted a new trial to the defendant, provided he should consent to go to trial on a certain day of the term, or show a good cause of continuance. The defendant refused to comply with the terms, and a judgment was accordingly rendered against him on the verdict.—*Held*, that, as the verdict was illegal, the judgment rendered upon it was necessarily erroneous.

*Held*, also, that, under the circumstances of the case, the verdict should have been set aside unconditionally, a new trial granted, and the cause permitted to progress as if no previous trial had taken place.

Thursday,
November 19.

ERROR to the *Clark* Circuit Court.

SCOTT, J.—*Shelby* brought an action of debt against *Heath*, on a sealed bill for 65 dollars. *Heath* pleaded payment under the statute, and set out in his plea, by way of set-off, a number of items, amounting in the whole to 117 dollars. The plaintiff replied, denying the truth of the plea. By a bill of exceptions it appears, that, on the trial, the defendant introduced a witness who swore that in *February*, 1822, *Shelby*, the plaintiff, came to the house of *Heath*, the defendant, and proposed a settlement; and that, in the course of that conversation, *Shelby* admitted that *Heath* had done 38 days' work, and cleared 12 acres of land, at seven dollars per acre, for him, previously to the giving of the said note, for which he the said plaintiff then owed him the said defendant. Which testimony the Court rejected, on the ground that the admission was made for the purpose of procur-

ing a compromise.  There was a verdict for the plaintiff.  The
Court, on the return of the verdict, ordered a new trial, on the
ground that the evidence, mentioned in the bill of exceptions,
had been improperly rejected; but with this condition, that the
defendant would either consent to go into the new trial on the
ninth day of the term, or show good cause of continuance.  The
defendant refused either to go to trial at that term, or to show
any cause of continuance.  The Court then reversed the condi-
tional order for a new trial, and gave judgment on the verdict.
This was clearly wrong.  It is unnecessary here to show, that
the evidence offered by the defendant was improperly rejected.
This was admitted by the Circuit Court.  The testimony hav-
ing been improperly rejected, the verdict was of course un-
just; and no contumacy or impropriety of conduct in the defend-
ant, could so purge it from its impurity as to make it the foun-
dation of a just judgment.  As soon as the Court discovered its
mistake in having rejected legal testimony, and a verdict was
found manifestly against justice, it was its duty to set the ver-
dict aside unconditionally; to order a new trial in a reason-
able time, giving the parties an opportunity of a fair trial on
the merits; and then to proceed to final judgment, in the same
manner as if there had been no previous trial.  The judgment
must be reversed.

*Per Curiam.*—The judgment is reversed, and the verdict set
aside, with costs.  Cause remanded for further proceedings.

*Thompson* and *Naylor*, for the plaintiff.

*Dewey*, for the defendant.