## THOMAS and another vs. REWEY.

EJECTMENT.   *When claim for improvements to be made.*

1. Whether the claim of defendant in ejectment for the value of his improvements must not be made *before judgment* in ejectment, is not here decided.
2. Such claim must at least be made *within the term* at which such judgment is rendered, and while it remains under the control of the court.

APPEAL from the Circuit Court for *Grant* County.

*Rewey* brought an action of ejectment against *Thomas* and *Cleary*, to recover certain lands in Grant county. The action was tried at the September term of the circuit court for that county, 1872, and resulted in a verdict for the plaintiff, upon

which judgment was entered, and execution thereon awarded. At the March term of the court, 1873, on motion of *Thomas* and *Cleary*, and against *Rewey's* objection, the court ordered an issue to be made up to determine the value of improvements claimed to have been made by the former upon the lands in question. Upon the trial of such issue, judgment was entered in favor of the plaintiffs therein for $642.80 damages, being the value of their improvements as assessed by the jury, together with the amount of taxes paid by them. From this judgment *Rewey* appealed.

*Bushnell & Clark*, for appellant, argued, among other things, that the claim for improvements was made too late; that this proceeding was statutory merely, and the statute must be strictly pursued ( *Webster v. Stewart*, 6 Clarke, Iowa, 401; *Oberich v. Gilman*, 31 Wis., 495; 2 Kent's Com., 334); that the statute under which the plaintiffs claimed (R. S., ch. 141, sec. 31), requires the issue to be made up *forthwith*, as to the meaning of which word they cited *Wearne v. Smith*, 32 Wis., 412; *Perkins v. Jones*, 28 id., 243; *McNamara v. Spees*, 25 id., 541; and that, if a claim like plaintiffs' might be made after six months from entry of judgment, it might be made at any time, even after the plaintiff in ejectment had been restored to possession, and the litigation be thereby greatly complicated and indefinitely prolonged.

*Barber & Clementson*, for respondents:

The statute under which plaintiffs claim, was enacted in furtherance of justice, and should receive a fair and liberal construction. *Oberich v. Gilman*, 31 Wis., 500. The provision requiring an issue to be made up forthwith upon claim made for improvements, is directory, not mandatory. *State ex rel. Cothren v. Lean*, 9 Wis., 292; *Pond v. Negus*, 3 Mass., 232; *Dawson v. The People*, 25 N. Y., 405; *People v. Sup'rs*, 34 id., 270. Besides, it does not direct the making up of such issue immediately after verdict or judgment, but only after *claim has been made* for improvements; and defendants cer-

tainly had a right to make such claim, as they did, while still in possession of the premises. As matter of practice, the term subsequent to that of trial is usually as early as such an issue can be made up. The defendants may move for a new trial, or may appeal to the supreme court; and it could not have been the intention of the legislature to require an issue to be framed, and trial had thereon, until such motion or appeal was determined. The decisions of this court as to the meaning of the word "forthwith," in sec. 160, ch. 120, R. S., are inapplicable. The jurisdiction and powers of justices' courts rest wholly in statute, and they are held with considerable strictness to the letter of the law. The rule of those cases should not, therefore, be applied to proceedings of this character in the circuit court, when, by a strict construction, the party would lose his remedy entirely.

RYAN, C. J. The controlling question in this case arises upon the construction of secs. 30, 31 and 32, ch. 141, R. S., as to the time when a defendant in ejectment can avail himself of the provision of sec. 31 in his favor.

Sec. 30 provides that, in the cases specified, if the jury find for the plaintiff, an execution shall be awarded by the court, provided no improvements shall have been made by the defendant on the land.

Sec. 31 provides, that if the defendant against whom such a verdict may be found, shall claim that he has made such improvements, the court shall cause an issue to be made up forthwith, in which the defendant in ejectment shall be plaintiff and the plaintiff in ejectment shall be defendant, to be tried at the same or a subsequent term, to assess the value of such improvements, for which judgment shall be entered.

Sec. 32 provides, that if the plaintiff shall elect to pay, and pay, within three years, the amount of such assessment of improvements and of taxes paid by the defendant in ejectment, the court shall award an execution; but that if the plaintiff in

ejectment shall not so elect to pay, and pay, he shall be deemed to have abandoned his claim in ejectment.

The right given to the defendant in ejectment appears, both in sec. 30 and in sec. 31, to accrue upon verdict, and not upon judgment, against him. And, in harmony with this, there is a significant correspondence in the language used in sec. 30 and in sec. 32, for awarding execution. Sec. 30 provides, in effect, that if, upon verdict for the plaintiff, no claim be interposed for improvements, execution shall be awarded by the court. Sec. 32 provides that, upon payment of the claim interposed and established, the court shall award execution. The language is obviously used in the same sense in both sections. And in sec. 30 it looks as if it had relation to judgment on the verdict; for the judgment is supposed to provide for its own execution. The grant of the right to the defendant in ejectment, immediately upon verdict against him, and operating to suspend execution for the plaintiff, might well be construed to suspend judgment on the verdict. And this construction is strengthened by the provisions of sec. 32, in case the plaintiff in ejectment fail to pay for the improvements, barring his right of recovery, which could be applied more easily and regularly before than after judgment. And, as it is the judgment which should award the execution, this construction would do no violence to the language of the statute. That may well mean that, under the conditions stated, the court should give judgment awarding execution.

This view is supported by the use of the word " forthwith." It is true that the word has immediate relation to the issue, not to the claim. But as the issue follows the claim, both are controlled, in time, by the term "forthwith." Upon the verdict, an issue upon the defendant's claim shall be made up forthwith, although it may be tried at a subsequent term. We are not disposed to give too strict a construction to the word; but it implies promptness, relating to the issue itself, and not to the trial of it. And this promptness might well be ac-

counted for, as in a proceeding interposed between verdict and judgment.

We do not consider it necessary, however, in this case, to carry the construction so far. It is sufficient for this case to hold that this supplemental proceeding (*Oberich v. Gilman*, 31 Wis., 495) must be instituted before the court in which the ejectment is pending shall have lost control of the judgment in ejectment. It is the obvious design of the statute, in giving this supplemental and summary proceeding, instead of an independent action, to give it while the ejectment is *in fieri*, and before the court has lost control over the judgment.

Except in cases specially excepted by statute, the authority of the circuit courts to review their judgments expires with the term at which they were rendered. *Ætna Ins. Co. v. McCormick*, 20 Wis., 265; *Landon v. Burke*, 33 id., 452; *Scheer v. Keown*, 34 id., 349; *Eaton v. Youngs, ante*, p. 171.

Upon careful consideration of all the provisions of the sections in question, we hold that the claim of the defendant in ejectment must be made either before judgment upon the verdict, or at latest within the term at which the judgment is rendered, and while the judgment remains under the control of the court. We do not pass, in this case, upon the question, whether the claim must not be made before judgment. But we hold that, when judgment has been rendered on the verdict, and the term of the court has ended, it is too late for the defendant to recall the cause and the plaintiff to the court, by this supplemental proceeding; and that what is done after the term of judgment, cannot be considered as done forthwith after verdict.

In the present case, the defendant's claim for improvements appears not to have been made until the term of court following the judgment. We regret that we are compelled to hold it to have been too late.

The judgment of the court below must be reversed, and the

cause remanded with directions to dismiss the claim of the defendants in ejectment, the respondents in this appeal.

*By the Court.* — It is so ordered.