## SCOTT VS. REESE.

APPEAL TO SUPREME COURT. (1) *Judgment cannot be reviewed on affidavits,* etc. (4) *Nor on appeal from a distinct judgment.*

PRACTICE: EJECTMENT: CLAIM FOR IMPROVEMENTS: JUDGMENT. (2) *Defendant's claim for improvements should be made and tried before judgment in ejectment.* (3) *Only one judgment proper; what it should contain.* (4) *If distinct judgments entered, appeal from one does not bring up the other.* (5) *Whether claim to be made by answer.* (6–8) *If so made, effect of judgment for plaintiff before trial of the issue as to improvements.*

1. A judgment cannot be reviewed, on appeal, upon affidavits or certificates supporting or impeaching it.

2. The claim of defendant in ejectment for the value of his improvements should be both made and *tried,* before judgment in the ejectment.

3. In such a case there ought not to be two judgments, one in plaintiff's favor, for the possession, and the other in defendant's favor, for the value of his improvements; but there should be a single judgment, determining the amount assessed in defendant's favor; awarding plaintiff possession of the land on condition of his paying such assessment within the statutory time; and barring his right in case of default in such payment.

4. In ejectment against one claiming under a tax deed, where there was a judgment in plaintiff's favor, for the possession of the land, and a separate judgment, separately rendered, in defendant's favor, for the value of his improvements: *Held,* that plaintiff's appeal from the latter judgment does not bring up the former for review.

5. The defendant in such an action may assert his claim for improvements *by his answer,* whether he therein admits or denies plaintiff's paramount title; and *it seems* that this is the better practice, though, where his answer insists on his tax title, he may make his claim for improvements for the first time after verdict on that issue.

6. Where the defendant in such a case makes his claim for improvements by his answer, it is error to proceed to judgment upon verdict for the plaintiff, before issue made and tried upon that claim.

7. The fact that defendant in this case did not proceed to the issue upon his claim for improvements (as made in his answer), until after plaintiff took judgment on the verdict in his favor, was *not a waiver* of the claim.

8. But such a judgment, though erroneous, is not void; and while it stands, defendant cannot have an issue on his claim made up and determined by a separate judgment in his favor.

APPEAL from the Circuit Court for *Grant* County.

In January, 1871, *Scott* commenced an action of ejectment against *Reese*. The latter answered a general denial, and claimed title to the land through a tax deed; and also alleged that he had made valuable improvements on the land in good faith, and claimed an assessment of the same as provided by law, if it should be adjudged that *Scott* was entitled to judgment for the possession of the premises. The action was tried at the September term, 1872, by a jury, and *Scott* obtained judgment for the recovery of the land and damages. On March 19, 1873, the court ordered an issue made up as to the value of the improvements; that *Reese* serve his complaint by June 1st following; and that the answer be served within twenty days thereafter. To this order *Scott* excepted.

At the March term, 1874, the issue so formed was tried by a jury, and *Reese* obtained judgment against *Scott* for the value of his improvements and taxes paid. From this judgment *Scott* appealed.

*Bushnell & Clark*, for appellant:

1. The motion for an order directing the issue to be made up as to the value of improvements was made at a time when the court had lost the power to make such an order. This case is settled by that of *Thomas v. Rewey*, 36 Wis., 328, there being no material difference as to this point, except that here the claim for improvements was made in the answer. This action is unknown to the common law, and the statute creating it must be strictly construed, and the remedy strictly followed. *Webster v. Stewart*, 6 Clarke (Iowa), 401; *Oberreich v. Gilman*, 31 Wis., 495; *Thomas v. Rewey, supra*, and cases there cited. 2. The statute gives the court no power to cause the issue relating to improvements to be made up otherwise than *forthwith* after the verdict.

*Barber & Clementson*, for respondent:

The case of *Thomas v. Rewey* is not decisive of this, the difference being that here the claim for improvements was fully

set up in the answer in ejectment. The claim thus became a part of the record, and was notorious and continuous. When the defendant made this claim, he had done all that by the law it was his duty to do; and the neglect of the court could not deprive him of his rights. If the legislature intended that the defendant should do more than make his claim in order to fix his right to pay for his improvements, it would have provided what more should be done. The real intent of the law should be looked to, and the statute, being remedial, and not penal, should receive an equitable interpretation. *State ex rel. Cothren v. Lean*, 9 Wis., 279; *People v. Ulster*, 34 N. Y., 273; 1 Kent's Com., 465; *Oberreich v. Gilman*, 31 Wis., 500, 501. The statute in this case should be construed as directory, and not mandatory. *Mills v. Johnson*, 17 Wis., 598; *Burlingame v. Burlingame*, 18 id., 285; *State ex rel. Bancroft v. Stumpf*, 21 id., 579; *Williams v. Ely*, 13 id., 3.

Counsel for the respondent also insisted that no judgment was in fact rendered upon the verdict in ejectment at the September term, when that verdict was found; that the pretended judgment, though entered as of the last day of the term, was in fact filed, and such entry made, several months afterwards; and they presented an affidavit of the clerk of the trial court to show these facts. They further stated that they had reason to expect that when the judgment should be entered, it would recite that it was taken "subject to an issue as to the improvements," and were thus prevented from insisting upon an immediate trial of that issue.

RYAN, C. J. This is an appeal by the plaintiff in ejectment from the judgment of the circuit court for the assessed value of improvements on the land in controversy, claimed by the defendant in ejectment under secs. 30, 31 and 32, ch. 141, R. S. There are separate judgments, separately rendered, for the plaintiff and defendant. It is hardly necessary to say that this appeal does not bring here for review the plaintiff's judgment,

and still less that we could not review it on affidavits or certificates impeaching or supporting it.

The defendant in ejectment, the respondent here, averred his tax title, his improvements and their value, in his answer, and demanded judgment for them, if the plaintiff in ejectment, the appellant here, should get a verdict on the issue in the ejectment. The respondent made no other claim, and took no step looking to an issue on this claim, until after judgment for the plaintiff in ejectment and after the term of the court below at which it was rendered.

In *Thomas v. Rewey*, 36 Wis., 328, it is held that it is too late for the defendant in ejectment to make such claim, after the term of the circuit court at which the judgment is rendered. And the main questions in this appeal are, whether the respondent's claim was well made in his answer to the complaint in ejectment; and if so, whether the issue upon it was well made after the plaintiff had taken judgment in the ejectment.

The provisions of the statute were carefully considered in *Thomas v. Rewey*, and have been again in this case. Though it was not necessary to the judgment in that case, we there intimated our opinion that the defendant's claim should precede and suspend the plaintiff's judgment; and that the claim and the issue upon it were a proceeding interposed by the statute between verdict and judgment. So we now hold for the reasons then expressed. And it almost necessarily follows from what was then said, and we now hold, that the claim and the issue upon it must not only be made, but that the issue must be tried, before any judgment should be rendered in the ejectment.

There are in this record two judgments, each in terms absolute and independent of the other; the first, that the appellant recover the premises in dispute; and the second, that the respondent recover of the appellant the amount assessed for improvements and taxes. There is in the former an express award of execution; there is in the latter no express stay of

execution. Apparently each party might have execution of his judgment; and the judgment against the appellant is a lien on his realty. To make these judgments dependent and a compliance with the provisions of the statute, might require the active interference of the court below, if it could so inter-fere, for the three years of sec. 32; and then, failing payment by the appellant of the judgment against him, to relieve him from that judgment and the respondent from the judgment in ejectment. This is all manifestly wrong. The statute author-izes no such incongruities, no such latent conditions of judg-ments importing absolute and final verity. Neither party, in such a case, is entitled to absolute judgment against the other. The defendant is not entitled to judgment against the plaintiff for the assessment, but only to judgment determining the amount; and upon assessment made for the defendant, the plaintiff is only entitled to judgment in ejectment conditioned on his payment of the assessment within the statutory time: failing his payment of it, the judgment should bar his right, and become in effect a judgment in the ejectment for the de-fendant. All this can certainly be done best, indeed can be safely and properly done only, in a single judgment in accord-ance with the provisions of the statute. The statute does not appear to contemplate two judgments. It gives the defendant's proceeding as supplemental to verdict, not to judgment: pre-sumably to stay the plaintiff's right to judgment. And we hold the safer and better construction of the statute to be in accordance with the general rule, that there should be but one judgment in one action, though it be partly in favor of each party. *Hundhausen v. Bond*, 36 Wis., 29.

It is said in *Thomas v. Rewey*, and repeated now, that the right is given to the defendant upon verdict; but it does not follow that the right cannot be asserted by the defendant before verdict. The right rests upon improvements made in good faith under a tax title which fails. In respect of the right, the ver-dict is only evidence of the failure of the tax title. That may

appear otherwise. There appears to us to be no doubt that, in a proper case, it would be competent for the defendant in eject- ment to answer, not denying the plaintiff's right to recover, but setting up his tax deed and his improvements in good faith under it, and praying assessment and his statutory right in re- spect of them. It is true that the statute literally gives the right to a defendant against whom a verdict may be found. But it must receive a reasonable construction according to its intention. It plainly means to give the right to defendants failing to uphold tax titles, under which they have made im- provements in good faith. And the protection of a defendant is equally within the statute, whether he confess the defect of his tax deed or the court adjudge it. It would be puerile con- struction to require a defendant ascertaining the defect of his tax title, to plead that it is good and to put the court and par- ties to the burthen of a trial, to determine what he is willing to admit against himself, in order to secure to himself a right resting on the fact and not at all on the mode of ascertaining the fact. A verdict against the defendant raises the contin- gency in which the right applies, is an occasion for the exercise of the right. Such occasion or contingency arises as well on con- fession as on verdict. And as the plaintiff may recover upon the defendant's confession in his answer, so may the defendant assert his right upon confession as well as upon verdict, though neither is perhaps within the very letter of the statute. Doubt- less, in case of such an answer as we suggest, the plaintiff might litigate the defendant's *bona fide* improvement under a tax deed. But a construction of the statute which would re- quire an issue, trial and verdict of the invalidity of a tax deed, which both parties agree to be invalid, would be worse than idle.

And so when the defendant denies the plaintiff's and asserts his own title, we can see no objection to his setting up, sepa- rately, in his answer, his tax deed, his improvements and his claim in respect of them, in case of verdict for the plaintiff on

the main issue. The claim is indeed in the nature of a partial defense, a defense against the absolute judgment demanded by the plaintiff. It is, in one contingency, a part of the defendant's defense, which may entitle him in effect to final judgment even after a verdict against him; and though it becomes operative only upon verdict against him, we see no good reason why it should not be pleaded in his answer in anticipation of the verdict. And though it may be interposed after verdict and before judgment, we hold it safer and better practice to set it up in the defendant's answer, than to leave it to petition or other interlocutory suggestion after verdict. In the answer, it occupies somewhat of the same position as an equitable counterclaim joined to a legal defense. The court may call a jury and try the legal issue first. But upon verdict for the plaintiff, it is error to proceed to judgment without disposing of the counterclaim. *Du Pont v. Davis*, 35 Wis., 631. So where the defendant in his answer makes his statutory claim for improvements before judgment for the plaintiff, it is error to proceed to judgment upon verdict for the plaintiff, before issue made and tried upon the claim.

It was argued for the appellant that the respondent waived his claim set up in his answer, by not proceeding to the issue upon it before the plaintiff took judgment. We cannot hold so. The claim was properly made of record, suspending the plaintiff's right to judgment, and could not properly be disregarded by court or plaintiff while it remained undisposed of, even if the defendant slept upon it. For that, the plaintiff could have readily found a remedy; but until the defendant's claim had been disposed of in some way by the court, the appellant had no more right to present an absolute judgment after verdict than before verdict.

But though the appellant's judgment is erroneous, it is not void. *Falkner v. Guild*, 10 Wis., 563; *Tallman v. McCarty*, 11 id., 401; *Arnold v. Booth*, 14 id., 180; *Gale v. Best*, 20 id., 44; *Eaton v. Youngs*, 36 id., 171. And, for the same reasons

that we hold the appellant's judgment to have been premature, we are compelled to hold the respondent's judgment to have been too late. The right of the appellant in the ejectment, and the right of the respondent in his claim, should have been determined by a single judgment of the court below. When the appellant had taken his judgment, it ended the litigation, like any other erroneous judgment, while it stood. It was then too late to make up an issue on the respondent's claim which could be adjudicated only in a judgment already rendered. The respondent's remedy was by proceeding to vacate or reverse the appellant's judgment, and then to make and try his issue on his claim. But while the appellant's erroneous judgment is in force, he cannot supplement it by another erroneous judgment.

We have been reluctant, under the circumstances, to disturb the respondent's judgment; but, in our construction of the statute, we have no choice.

*By the Court.* — The judgment of the court below in favor of the respondent is reversed, and the record remitted.