HILLS and others vs. LAPORTE.

*Judgment in Ejectment: Betterment Act.*

In ejectment, where, after a finding of the facts in plaintiff's favor, the defendant has filed his claim for improvements under the statute, and the court has ordered an issue to be made up for the trial of such claim, it is error to enter judgment for the ejectment plaintiff before trial of such issue. 36 Wis., 328; 38 id., 636: 39 id., 600.

VOL. XL. — 8

APPEAL from the Circuit Court for *Brown* County.

Ejectment. The trial was by the court without a jury, and resulted in a finding for the plaintiffs. Various exceptions were taken by the defendant to findings and conclusions of the court. Other facts material to the decision will appear from the opinion. The defendants appealed from a judgment on the finding.

The brief filed for the appellant is signed by *Hastings & Greene,* and that for the respondents by *Hudd & Wigman;* and the cause was argued orally by *S. D. Hastings, Jr.,* for the appellant, and by *T. R. Hudd* for the respondents.

For the appellant it was contended, that the court erred in entering judgment for the plaintiffs before the issue on the claim for improvements was disposed of. *Scott v. Reese,* 38 Wis., 636. Counsel also discussed at length various questions raised by the exceptions taken to the finding of facts and conclusions of law.

For the respondents it was argued, among other things, that the entry of judgment before trial of the issue for improvements was a mere irregularity, not prejudicial to appellant, and affording no ground for a reversal of the judgment (sec. 40, ch. 125, R. S.; 1 Pin., 494; 21 Wis., 395; 24 id., 610); that a motion to set aside the judgment was the proper practice in such a case (22 Wis., 128); and that the appeal from the judgment was a waiver of the irregularity (24 Wis., 340). But if this court should take a different view of these questions, counsel urged that it should still decide the other questions presented by the record, and thus prevent an appeal from the judgment that might be entered after trial of the issue as to improvements.

COLE, J. According to the record, after the finding of the court in favor of the plaintiffs, but before the entry of judgment, the defendant made and filed his claim for improvements under the statute. Thereupon the court ordered an

issue to be made up for the trial of such claim. Afterwards the usual judgment in ejectment was rendered in favor of the plaintiffs, before the claim for improvements was disposed of. This was error.

The proper practice was settled, upon full consideration of the provisions of the statute, in *Thomas v. Rewey*, 36 Wis., 328, and *Scott v. Reese*, 38 id., 636. The ruling in these cases was sanctioned and followed in *The Phœnix Lead Mining and Smelting Co. v. Sydnor*, 39 Wis., 600. In *Scott v. Reese* the chief justice thus clearly states the practice contemplated by the statute: "The claim and the issue upon it must not only be made, but the issue must be tried, before any judgment should be rendered in the ejectment." A bare reference to those decisions is all we deem it necessary to say in pointing out the error in the present judgment. The counsel for the plaintiffs argued that the entry of judgment before the claim for improvements was disposed of, was a mere irregularity, not affecting the merits, and ought to be disregarded. We cannot adopt this view without overruling the decisions above referred to, which we are not disposed to do.

The judgment of the circuit court must be reversed, and the cause must be remanded with directions to proceed and try the issue on the claim for improvements.

*By the Court.* — It is so ordered.