RICHARDSON vs. END and another.

*Chattel Mortgage: Statute of Frauds.*

1. The "immediate delivery" of goods sold or assigned, required by sec. 5, ch. 107, R. S., is construed in law to be a delivery "within such convement time as is reasonably requisite" for making it.
2. The issue being, whether there had been such a delivery of chattels to the mortgagee thereof, as made the mortgage valid against third persons, the court read said section 5 to the jury as applicable to the case; charged the jury that the question of immediate delivery was a question of fact for them, under the circumstances; and refused to instruct them that *immediate*, in that section, does not mean *instantaneous*, but must be construed in reference to the circumstances. *Held*, error.

APPEAL from the Circuit Court for *Dodge* County.

Action for the conversion of a stock of goods. Plaintiff claimed under a mortgage of the goods given to him by one David Richardson on the 6th of February, 1875, which was Friday, and that he took possession under the mortgage on Monday following, and retained possession until the goods were taken by defendants. On the 15th of the same month, defendants, as sheriff and deputy sheriff, took the goods on a writ of attachment against the property of David Richardson; and they claimed in this action that the mortgage was fraudulent and void as to creditors. The mortgage was not filed in the town clerk's office.

The court gave the following instructions: "The law is, that any assignment or sale of personal property — by way of chattel mortgage, to make it plain to you, — unless it be accompanied by immediate delivery, and followed by an actual and continued change of possession of the things sold or

assigned, shall be presumed to be fraudulent and void as against the creditors of the vendor or person making such assignment, or as against subsequent purchasers in good faith, and shall be conclusive evidence of fraud, unless it shall be made to appear, on the part of the person claiming under such sale or assignment, that the same was made in good faith and without any intent to defraud such creditors and persons." He further charged that the statute creates a presumption of fraud where a chattel mortgage is not filed in the town clerk's office, unless there is an immediate delivery, followed by an actual and continued change of possession; and he read to the jury as applicable to the case, sec. 5, ch. 107, R. S. Plaintiff requested the court to instruct the jury that " the word *immediate* does not mean instantaneous, but must be construed with reference to the time and circumstances under which the mortgage is given;" but the court merely instructed the jury that whether there was an immediate delivery and actual and continued change of possession of this property, was a question of fact for them to determine from all the surrounding circumstances.

There was a verdict for the defendants; a new trial was denied; and from a judgment upon the verdict, plaintiff appealed.

Briefs were filed for the appellant by *Eli Hooker* and *E. S. Bragg*, and one for the respondents by *Cotzhausen, Smith, Sylvester & Scheiber* and *Seeley & Frost;* and there was oral argument by *Eli Hooker* for the appellant, and *E. P. Smith* for the respondent.

The questions mainly argued by counsel are not here determined.

RYAN, C. J. There is some confusion in the charge of the court below, not very well explained by the record, as to the sections of the statute applicable to the chattel mortgage of the appellant. Amongst others, section 5, ch. 107, R. S., appears to have been twice read to the jury, as applicable to it. The

appellant thereupon requested the court to instruct the jury that the word *immediate* in the section does not mean instantaneous, but must be construed in reference to the circumtances; that is, as we understand it, that immediate means within a reasonable time, in view of the particular facts. This instruction was refused; the court below charging the jury instead that the question of immediate delivery was one of fact for the jury under the circumstances.

We think that this was error. The appellant was entitled to a construction of the terms of the statute, which was certainly not a question of fact, as the refusal of the one instruction and the giving of the other seem to imply. And indeed the jury might well infer that the immediate delivery of the section, as applied to the appellant's mortgage, was equivalent to instant delivery.

We shall not discuss the circumstances under which the possession of the mortgage was delayed from Saturday night to Monday morning. It is enough to say that there certainly is nothing in the record to warrant a conclusion of law, that the delay was unreasonable.

The word immediate, as used in the section, has had a defined and recognized legal meaning for over two centuries. " The word *immediately*, although in strictness it excludes all mean times, yet, to make good the deeds and intents of parties, it shall be construed such convenient time as is reasonably requisite for doing the thing." *Pybus v. Mitford*, 2 Lev., 75; *The King v. Francis*, Cases Temp. Hardw., 113; *Thompson v. Gibson*, 8 M. & W., 281; *Burgess v. Boetefeur*, 7 Man. & Gr., 481; *Trask v. Ins. Co.*, 29 Pa. St., 198. See also *Thomas v. Rewey*, 36 Wis., 328. And the jury should have been so instructed. Without some such instruction, they could not intelligently apply the statute to the facts.

*By the Court.* — The judgment is reversed, and the cause remanded to the court below for a new trial.