SMITH ET AL. *v.* DAVIS.

TRESPASS.—*Judicial Sale.—Execution.—Judgment.—Appraisement.—Pleading.*
—In an action by an execution debtor, against his execution creditor
and a constable, to recover damages for the trespass of the latter in sel-
ling the goods of the debtor, without appraisement, on an execution in
favor of the creditor, on a judgment against the debtor not waiving ap-
praisement, it is not sufficient to answer that such judgment had been
rendered for a tort committed by the defendant.

From the Tipton Circuit Court.

*N. R. Overman* and *N. W. Parker,* for appellants.

*M. Bell* and *M. McDowell,* for appellee.

PERKINS, J.—Suit by Davis, against Smith and Philpot.

The first paragraph alleged the wrongful taking and
conversion of the plaintiff's goods.

The second paragraph alleged, that the plaintiff was,
and for a long time had been, a resident householder in
Tipton county, Indiana, that he was a tenant of Harrison
Smith, who prosecuted an action before a justice of the
peace, against the plaintiff in this action, to recover pos-
session of the premises held by this plaintiff as his ten-
ant, and recovered judgment for the possession of the
same, and costs, on which a writ of execution issued,
to collect the costs due, upon which defendant Philpot
levied upon his personal property; that he duly made claim
to the same, under the statute of the State, as exempt
from execution; that said Philpot, constable, disregarded
said claim, and sold the property.

The third paragraph alleged the tenancy, the suit
against the plaintiff for alleged unlawful holding over,
the recovery therein, but that the judgment was not ren-
dered without relief from valuation laws, and that the
said constable sold said property without appraisement, etc.

The defendants demurred "to each of said paragraphs,
separately," as not containing a cause of action. The de-
murrers were overruled.

The defendants answered in two paragraphs:

1. General denial.

2. "That the suit in which judgment was recovered and execution issued against the plaintiff, and upon which the property mentioned in the complaint was levied upon and sold, was an action of tort, for the unlawful holding and wrongful detention of the real estate of the defendant Smith; that said execution in the hands of the defendant Philpot was a lien upon the personal property of the plaintiff, which was lawfully taken 'and sold as aforesaid, and that said plaintiff, has never tendered the amount of the claim for which said execution was a lien."

A demurrer to the second paragraph of answer was sustained, and exception entered. Thereupon the defendants withdrew the general denial, and the court found for the plaintiff, and gave judgment accordingly.

There was no motion for a new trial, nor exception to the judgment.

The rulings upon the demurrers are assigned for error.

There was no error in rendering judgment for the plaintiff. Conceding that the judgment on which the property was sold was for a tort, and that, hence, the plaintiff had no right to claim the property as exempt from execution (2 R. S. 1876, p. 352), these facts did not, in this case, authorize the sale of the property without appraisement. On execution on a judgment for a tort, property, as a general rule, must be appraised before sale. 2 R. S. 1876, p. 210, sec. 445; 2 R. S. 1876, p. 188, sec. 381; *Croy* v. *The State*, 32 Ind. 384. The officer, by abuse of his authority in selling the property without appraisement, became liable to this action. *Stephens* v. *Lawson*, 7 Blackf. 275.

The third paragraph of complaint constitutes a good cause of action, and may uphold the judgment. *Newell* v. *Downs*, 8 Blackf. 523. The same property was sold without appraisement that was claimed as exempt from execution.

The second paragraph of answer constituted no defence to it.

The judgment is affirmed, with costs.