Martin *et al. v.* Pifer.

Filed June 19, 1884.

---

No. 10,038.

## MARTIN ET AL. *v.* PIFER.

EXECUTION.—*Injunction.*—*Practice.*— *Judgment.*—An execution, collectible without relief from appraisement laws, upon a judgment which does not authorize it, must be corrected by motion, and an injunction is not the proper remedy.

JUSTICE OF THE PEACE.—*Judgment.*—*Delay of Entry.*—*Case Distinguished.*— Where a justice does not enter judgment upon a verdict immediately, as

the statute requires, but delays such entry six days, the delay, though a violation of the statute, does not affect the validity of the judgment. *Burton* v. *McGregor*, 4 Ind. 550, distinguished.

From the Elkhart Circuit Court.

*J. M. Vanfleet*, for appellants.

*R. M. Johnson*, *E. G. Herr* and *C. S. Henderson*, for appellee.

HAMMOND, J.—This was an action by the appellee against the appellants to have a judgment rendered before a justice of the peace declared void, and to enjoin its collection. Separate demurrers were filed by the appellants to the complaint and overruled. They then answered in two paragraphs, to the second of which the appellee's demurrer was sustained. Trial by the court; finding for the appellee, and judgment on the finding over the appellants' motion for a new trial. The rulings referred to were severally excepted to by the appellants, and are assigned for error in this court.

The appellee alleged in his complaint that the appellant Martin sued him in tort before the appellant Walters, a justice of the peace, claiming damages in the sum of $10; that a summons was duly issued and served on the appellee to appear before the justice on July 9th, 1881; that he appeared at the time named before said justice in said action; that the cause was regularly submitted to a jury, duly empanelled and sworn; that the jury, after hearing the evidence and considering the same, returned a verdict, in proper form, in favor of said Martin against the appellee on the day aforesaid, in the sum of $1.40; that immediately upon the return of the verdict the appellee filed a motion for a new trial, which the justice then overruled; but that the justice did not render or enter judgment in said case until after July 14th, 1881.

It is further alleged that on August 9th, 1881, the justice issued an execution upon the judgment, commanding its collection, with costs, without the benefit of appraisement laws,

and placed said execution in the hands of the appellant Seiss, a constable of the township where the judgment was rendered; that the judgment was not collectible without the benefit of appraisement laws; that the verdict of the jury was wrongful, made upon insufficient evidence, and that the appellee was in no manner indebted to said Martin.

So far as the execution commanded the constable to make the collection without appraisement, it was erroneous. The judgment was not rendered without relief from valuation and appraisement laws; nor would such a judgment have been authorized upon a cause of action growing out of tort. *Smith* v. *Davis,* 58 Ind. 434. But the appellee had a proper remedy by motion before the justice for the correction of the execution, to make it conform to the judgment. An injunction will not be granted in such case except when necessary to stay proceedings on the execution until the motion can be determined. *Lasselle* v. *Moore,* 1 Blackf. 226; *Walpole* v. *Smith,* 4 Blackf. 304; *Culbertson* v. *Milhollin,* 22 Ind. 362. The complaint does not allege that the motion to correct the execution had been made before the justice, nor does it attempt to make a case for the stay of proceedings on the execution until such motion can be made and determined.

The fact that the verdict was rendered upon insufficient evidence does not, of itself, entitle the appellee to injunctive relief. If he was dissatisfied with the result of the trial before the justice, the law gave him an appeal to the circuit court.

The only possible ground upon which the appellee's complaint can be sustained is upon its averments with regard to the delay of the justice in entering the judgment. The trial was had, the verdict returned, and the motion for a new trial made and overruled on July 9th, 1881. The judgment was not entered upon the justice's docket until after the 14th of the same month. When it was entered does not appear. It may have been on the 15th of that month. At all events, it is not alleged that the entry of the judgment was delayed so

as to prevent the appellee from taking an appeal within thirty days from the time when it should have been entered.

The question is elaborately and ably argued by counsel upon both sides as to whether the present action is a direct or a collateral attack upon the judgment complained of. We deem it unimportant to enter into this discussion. The law upon the subject may be stated briefly. If the judgment before the justice is not void, but simply irregular, the appellee has no remedy by injunction. But if the judgment is void, then he may properly have it so declared and its collection perpetually enjoined. We proceed, then, to consider the question whether the judgment is void or merely irregular.

Section 58 (section 1489, R. S. 1881), regulating proceedings before justices of the peace in civil actions, provides that "When a suit shall be dismissed, judgment confessed, the verdict of a jury returned, or the defendant be in actual custody, judgment shall be entered and signed immediately; in all other cases, judgment shall be entered and signed within four days after the trial."

The judgment in question having been rendered upon the verdict of the jury should have been entered immediately. It is claimed that the justice failed to do this, and that his failure makes the judgment void. If we are to apply to the word *immediately* the meaning as defined by lexicographers, then the justice upon the return of the verdict was required to enter judgment " without the intervention of any other cause or event." He would have been required to disregard the appellee's motion for a new trial, and, instantly, before doing anything else, to enter judgment. But we are not inclined to the belief that the Legislature used the word with this meaning. The construction, as given generally by courts to the words " immediately " and " forthwith," when they occur in contracts or in statutes, is, that the act referred to should be performed within such convenient time as is reasonably

requisite. In *Pybus* v. *Mitford,* 2 Lev. 75, decided more than two centuries ago, it was said : "The word *immediately,* although in strictness it excludes all meantimes, yet to make good the deeds and intents of parties, it shall be construed such convenient time as is reasonably requisite for doing the thing." This construction has prevailed since in most cases which have come to our attention. *In Re Blues,* 5 El. & Bl. 290 ; *Snowball* v. *Dixon,* 4 Y. &. C. 511 ; *Thompson* v. *Gibson,* 8 M. & W. 281 ; *Richardson* v. *End,* 43 Wis. 316 ; *New York Cent'l Ins. Co.* v. *Nat'l Pro. Ins. Co.,* 20 Barb. 468 ; *Rokes* v. *Amazon Ins. Co.,* 51 Md. 512, S. C., 34 Am. R. 323 ; *Railway, etc., Co.* v. *Burwell,* 44 Ind. 460.

In the case under consideration the justice's delay, for at least six days, in entering the judgment on the verdict, was quite unreasonable, unless explained by circumstances showing that an earlier entry of it was impracticable. But we have to consider whether such delay rendered the judgment void. The object of the statute in requiring the justice to enter judgment immediately upon the return of the verdict was manifestly for the benefit of the party obtaining the verdict. It was to enable him to reap the advantages of his litigation. The early entry of the judgment could be of no benefit to the other party. In the present case it is not averred in the complaint, nor claimed by the appellee's counsel, that the mere delay in entering the judgment did the appellee any harm. A judgment is the decision of a court upon questions of law or fact. The rendition of a judgment is a judicial act, but the making of a record of it is merely ministerial. Freeman Judg., section 38. The judgment follows the return of a verdict before a justice of the peace as a matter of law. The act of entering it is only ministerial. The delay in making the entry of the judgment for an unreasonable time may subject the justice to a suit for damages by the party in whose favor the verdict was rendered, but it certainly does not render the judgment void where no harm by

the delay resulted to the judgment defendant. It is said in Freeman upon Judgments, section 53*a*: "Under the general rule that the entry of a judgment is a ministerial act, the failure of a justice to comply with this part of the law within the time required, has, by repeated decisions, been held to leave the judgment in full force."

. In *Matthews* v. *Houghton*, 11 Maine, 377, it was held that a judgment was valid, the record of which was completed by the justice three years after he was out of office. The court said: "A magistrate does not act *judicially* in making up and completing his record. In doing *this* he performs *himself*, what this court does by the agency of *their clerk*. It is a mere ministerial act."

In *Walrod* v. *Shuler*, 2 N. Y. 134, the Court of Appeals, under a statute which required a justice of the peace to render and enter judgment in four days after the final submission of the cause, held that a judgment which was entered five days after the trial was valid.

It was said in *Fish* v. *Emerson*, 44 N. Y. 376: "The act of rendering judgment by the justice is judicial; that of entering it in his docket is ministerial. The judicial functions of the justice are completed when he has rendered his judgment. The duty of rendering judgment where the cause is tried by himself is imperatively to be performed within four days. The duty of entering it in his docket has been held to be directory merely, owing to its ministerial character, and although the time is prescribed by the statute to be four days, within which it is to be done, that is not a limitation upon the power of the justice, but it may be validly performed afterward."

When a statute is merely directory, a thing omitted to be done at the proper time may be performed afterward. *Stayton* v. *Hulings*, 7 Ind. 144.

It is said by Mr. Sedgwick, in his work on the construction of statutory and constitutional law, p. 316: "When statutes direct certain proceedings to be done in a certain way

Martin *et al. v.* Pifer.

or at a certain time, and a strict compliance with these provisions of time and form does not appear essential to the judicial mind, the proceedings are held valid, though the command of the statute is disregarded or disobeyed." See *Sackett* v. *State, ex rel.,* 74 Ind. 486.

In *Jones* v. *Swift,* 94 Ind. 516, this court, in construing section 551, R. S. 1881, which requires a judge to decide an issue of law or fact within sixty days after its submission to his decision, except in case of severe illness of himself or family, held that the same was directory, and that a decision, though not made within the time named, was valid. The same construction was given to a similar statute in *Vogle* v. *Grace,* 5 Minn. 294.

In the case under consideration there is no question but that the justice had jurisdiction of the subject-matter of the action and of the parties. The appellee, who was the defendant in that case, states in his complaint in this action that he was not only duly served with process, but that he appeared to the action. He contested the right of the plaintiff in that action to recover by a trial before a jury, and when the jury decided against him he applied for a new trial, which was overruled. There was nothing after such motion was overruled for the justice to do but to make an entry of the judgment, which, by the command of the statutes, followed the verdict. The failure to perform this ministerial act for the time stated in the complaint was no doubt an irregularity. But the law is well settled that where a court has jurisdiction of the subject-matter of an action and of the parties to it, the judgment is not void, however irregular the proceedings may have been. *Doe* v. *Rue,* 4 Blackf. 263 (29 Am. R. 368); *Evans* v. *Ashby,* 22 Ind. 15; *Waltz* v. *Borroway,* 25 Ind. 380; *Gavin* v. *Graydon,* 41 Ind. 559; *Britton* v. *State, ex rel.,* 54 Ind. 535; *Kennard* v. *Carter,* 64 Ind. 31; *Reid* v. *Mitchell,* 93 Ind. 469; *Robertson* v. *Huffman,* 92 Ind. 247; *Woods* v. *Brown,* 93 Ind. 164.

The statute (section 1437, R. S. 1881), which requires the

justice to keep a docket of not less than 200 pages, and to record therein the proceeding in full of all suits instituted before him, with the names of the parties, a copy of the cause of action and of the set-off, if any, and the amount of the judgment written out in words, is quite as imperative in its language as that which requires the justice to enter and sign a judgment immediately upon the return of the verdict. And yet, in *Reed* v. *Whitton,* 78 Ind. 579, it was held that the statute was merely directory, and that the omission of the justice to copy upon his docket the cause of action did not invalidate the judgment rendered thereon.   See, also, *Hopper* v. *Lucas,* 86 Ind. 43.

It must be conceded that the authorities which we have cited are in conflict with *Burton* v. *McGregor,* 4 Ind. 550. That was a case, tried by a justice, in which by statute he was required to enter judgment within four days from the submission of the cause.   It was held that the entry of the judgment after the four days " was an act *coram non judice,* and void."   The only case cited in support of the decision was *Young* v. *Rummell,* 5 Hill (N. Y.) 60.   While there are expressions in the opinion in that case that sustain *Burton* v. *McGregor, supra,* the facts upon which the opinion was based made the case wholly inapplicable as authority upon the point it was cited to support.   In that case the justice had never rendered any judgment, and it was, therefore, held that the proceedings had before him were no bar to another action. Without denying the authority of *Burton* v. *McGregor, supra,* it may be distinguished from the present case by the fact that the cause was tried by the justice, and no decision was given and no entry made of the judgment until after four days.   In the present case the verdict of the jury fixed the judgment.   It followed as a matter of law.   The failure of the justice to enter it for several days was merely the omission of a ministerial duty.   *Hall* v. *Tuttle,* 6 Hill, 38, S. C., 40 Am. Dec. 382; *Stephens* v. *Santee,* 49 N. Y. 35.

Our conclusion is that the judgment in the case before us

was not void; that the failure to enter it for several days after the trial was, at most, so far as the appellee was concerned, a harmless omission of duty upon the part of the justice; that his remedy for the irregularity of the execution issuing for the collection of the judgment without benefit of appraisement was by motion before the justice for its correction; and that he had a remedy in appeal for a verdict rendered upon insufficient evidence. His complaint makes no case for equitable relief, and the appellants' demurrers thereto should have been sustained. This view of the case dispenses with the consideration of other alleged errors.

Reversed, with costs, with instructions to the court below to sustain each of the appellants' demurrers to the complaint.

ELLIOTT, J.—I do not think the case is one authorizing a party to invoke the extraordinary remedy of injunction. The amount in controversy is so small that it can not be justly said that irreparable or even serious injury, within the meaning of the law, would have been sustained by the appellee, had he been compelled to pay the judgment. There is no collateral question or right dependent upon the decision of the issue whether the appellee shall or shall not pay the small judgment entered against him.

Filed April 23, 1884.   Petition for a rehearing overruled June 21, 1884.