No. 1,168.

VAN VLECK v. THOMAS ET AL.

FALSE IMPRISONMENT.—*Damages.*—*Recovery.*—*Presumption.*—*Inference.* —*Province of Jury.*—*Mittimus.*—*Justice of the Peace.*—*Appellate Court Practice.*—In an action for damages, on the bond of a justice of the peace, for illegal imprisonment on a mittimus issued by the justice, it appears that the mittimus bears date of August 21, 1889. The trial was begun on the same day, but the signature to the docket entry bears date of August 22, 1889, the trial and judgment all appearing to be in one and the same entry. The oral testimony does not disclose when the judgment was entered and signed. The jury, in answer

to interrogatories, found that the judgment had been rendered at the time the mittimus was issued.

*Held,* that on such state of the record and with the conflicting presumptions arising thereon, the jury were warranted in drawing the inference that the judgment was rendered before the mittimus was issued, and that, therefore, the appellate tribunal will not weigh the evidence or draw a contrary inference.

APPELLATE COURT PRACTICE. — *Recovery.* — *Inference.* — *Evidence.* — Where there is no evidence to support the verdict of the jury, the appellate tribunal will reverse the judgment based thereon, but if the evidence is evenly balanced as to a material point in issue, the party having the onus can not recover, and if the jury or court may fairly and reasonably draw either of two inferences from the evidence, the appellate court will not undertake to say which inference should be drawn.

HARMLESS ERROR. — *Instructions to Jury—Finding.* — In an action for damages for illegal commitment to jail, instructions defining the rights of the parties in the event the jury should find that the mittimus was issued before the judgment was rendered, were rendered harmless, if erroneous, when the jury found that the judgment was rendered before the mittimus was issued.

Ross, J., dissents.

From the Elkhart Circuit Court.

*J. S. Dodge* and *H. C. Dodge,* for appellant.

*J. H. Baker, F. E. Baker, O. F. Chamberlain* and *P. L. Turner,* for appellees.

DAVIS, C. J.—This was an action instituted by appellant against appellee Thomas, who was a justice of the peace, and the sureties on his official bond, to recover damages on account of the alleged unlawful committal of appellant to jail on an illegal mittimus issued by said justice.

The principal contention of counsel for appellant in this court is, that the verdict of the jury in the trial court against appellant was not sustained by sufficient evidence, and was contrary to law.

The facts, as disclosed by the evidence, are substantially as follows: That one Beerup recovered a judgment against appellant for $59.65; that appellant was a travel-

ing salesman, receiving a salary of thirty-two hundred dollars a year; that proceedings *capias ad satisfaciendum* were commenced against appellant before said justice. R. S. 1881, sections 1558 to 1565, inclusive; that on Wednesday, August 21, 1889, the respective parties appeared with their attorneys before the justice, and, without objection, entered upon and proceeded with the trial; that the trial was concluded between 10 and 11 o'clock that night, and the justice found that appellant then had forty dollars on his person and also a watch at his room, which he fraudulently withheld and refused to apply on said judgment; that on failure to surrender the same, as ordered, the justice issued the mittimus, in pursuance of which the appellant was placed in custody of the sheriff at midnight, where he remained until the following Saturday, when he was released.

The mittimus bears the date of August 21, 1889. The entry shows that the trial was begun on the 21st, but the signature of the justice to the concluding part thereof bears the date of August 22d. The trial and judgment all appear to be in one and the same entry. The oral testimony does not disclose when, in fact, the judgment was entered and signed, whether before or after the mittimus was issued. The date of the signature of the justice to the judgment indicates that the mittimus was issued before the judgment was signed, because the mittimus was issued on the 21st, but the mittimus, after setting out in due form the preliminary proceedings, proceeds to recite that, "wherein the court has found that said W. W. Van Vleck withholds fraudulently and conceals, so that execution can not be levied on the same, with a view to defraud said Beerup, forty dollars, lawful money of the United States of America, and one oreide watch of the value of ten dollars, and, whereas, said Van Vleck has been ordered to turn the same over to the court, and,

whereas, said VanVleck refuses to turn the same over,''
etc.

The theory of appellant's complaint is that the mitti-
mus was unlawfully and illegally issued by the justice
.before any judgment was rendered. The statute pro-
vides that when "the defendant be in actual custody,
judgment shall be entered and signed immediately." R.
S. 1881, section 1489.

The burden was on appellant to prove by a preponder-
ance of the evidence, that the mittimus was issued be-
fore the judgment was in fact entered and signed, and
the question for our consideration is whether the date of
the signature of the justice to the entry, including the
judgment, is conclusive under the circumstances dis-
closed as to the time when the judgment was entered and
signed. The jury, in answers to interrogatories, find
that the judgment had been rendered at the time the
mittimus was issued.

It is conceded, or at least it is not controverted, that
if the judgment was rendered before the mittimus was
issued the verdict was right.

The evidence discloses that the attorney for appellant
was present at the trial before the justice and accom-
panied him to the jail at the time he was confined on the
mittimus, and, farther, that appellee Thomas was pres-
ent at the trial in the court below, as a witness in behalf
of appellant, and yet no effort was made, except such in-
ferences as may be drawn from the papers and record of
the justice and the attending circumstances, to prove
that the mittimus was in fact issued before the judgment
was, entered and signed. There are several contradict-
ory presumptions arising on the record as it comes to us.

First. The presumption that the justice did his duty
and that the judgment was entered and signed immedi-
ately.

Van Vleck *v.* Thomas *et al.*

Second. The presumption that the mittimus speaks the truth.

Third. The presumption that the date of the signature of the justice to the judgment is correct.

On this state of the record and with these conflicting presumptions, the jury were, in our opinion, warranted in drawing the inference that the judgment was rendered before the mittimus was issued, and, therefore, this court should not weigh the evidence or draw the contrary inference.

As it was incumbent on appellant to prove his case, he should have made this point clear. If he had introduced proof showing that in fact the mittimus was issued before the judgment was entered and signed, and such proof had not been contradicted, this court would have then reviewed the evidence on that question, but in the uncertain and contradictory state of the papers and record, we can not reverse the judgment of the court below, because the inference might reasonably be drawn therefrom that the mittimus was issued before the justice entered and signed the judgment on his docket.

Where the evidence is evenly balanced as to a material point in issue, the party on whom the burden rests to establish such issue can not recover, or where the jury or trial court may fairly and reasonably draw either of two inferences from the evidence, an appellate court will not undertake to say which of the inferences should be drawn. Where there is no evidence to support the verdict of the jury, this court will reverse the judgment based thereon, but the complaining party, in order to succeed on such a proposition here, must show a clear case.

In this connection, we invite attention to the case of *Martin* v. *Pifer*, 96 Ind. 245; but, in view of the conclusion we have reached, it is not necessary to discuss what bearing, if any, it would have on the question as to the

effect of the failure of the justice to sign the judgment before the mittimus was issued, if such fact had been established. Neither is it necessary to consider the objections urged to the instructions. The instructions of which complaint is made undertook to state the law and define the rights of the parties in the event the jury should be of the opinion that the mittimus was issued before the judgment was rendered, but as the jury found that the judgment was rendered first, these instructions, if erroneous (a question we do not decide), were harmless.

There is no error in the record requiring a reversal of the judgment of the court below.

Judgment affirmed.

Ross, J., dissents.

REINHARD, J., absent.

Filed Dec. 13, 1893; petition for a rehearing overruled Mar. 6, 1894.