BURTON v. McGREGOR and Another.

The R. S. 1838 did not give to the undertaking of a replevin-bail in a justice's Court the force of a judgment, but merely that of an obligation to pay the judgment, if it could not be made by an execution against the principal.

A joint execution could not, under the R. S. 1838, be issued by a justice of the peace against a judgment-debtor and his replevin-bail.

Before the plaintiff could proceed by *scire facias*, under the R. S. 1838, against a replevin-bail, before a justice of the peace, it was incumbent upon him to have an execution against the principal returned "no property found," &c.

A party prosecuting a *scire facias* against a replevin-bail upon an alleged revived judgment against the principal, may be required to show that the judgment has been revived.

A proceeding by *scire facias* to revive a judgment, is a suit in which the defendant is entitled to notice, and to appear and plead, and to have a trial of the issues.

Such proceeding falls within the cases in which the statute fixes a time within which a justice shall render judgment.

The failure of the justice to enter such judgment, within the period required by the statute, works a discontinuance of the suit.

The justice cannot afterwards amend by entering up the judgment as of a period within that fixed by the statute.

In *October*, 1838, *A.* became replevin-bail upon a justice's judgment. In a proceeding by *scire facias*, in 1849, for an execution against the bail, he pleaded the statute of limitations. *Held*, that the plea was properly rejected.

ERROR to the *Vigo* Circuit Court.

PERKINS, J.—*Scire facias* to obtain execution against replevin-bail. Judgment below awarding execution.

The cause originated before a justice of the peace.

On the 24th of *September*, 1839, *Matthew Stewart* obtained a judgment by default before a justice of the peace of *Vigo* county, against *Stephen P. Cammack*. The summons was served on *Cammack* on the 21st, and judgment was rendered against him, as has been said, on the 24th of the same month. On the 29th of *October*, 1839, *John Burton* entered himself replevin-bail to said judgment. Subsequently, *Matthew Stewart* died, and *Alexander McGregor* and *Elizabeth Stewart* were appointed his executors, and revived, in their names, the judgment against *Cammack*, and, on the 23d of *March*, 1849, moved

before the justice for a *scire facias* to obtain an award of execution against him, such a step having become necessary from the lapse of time since the issuing of a former one.

Two returns of "not found" were obtained and noted on the docket, the second being on the 4th of *April*, 1849. No judgment was rendered by the justice. An execution, however, issued, purporting to be upon a judgment upon the *scire facias*, and for the debt, and interest and costs of the original judgment, and a judgment upon the *scire facias* against *Cammack*, on the 21st of *May*, 1849, which was returned on the 5th of *June* following, "no property," &c.

On the 18th of the same month the *scire facias* in this suit issued against *Burton*, the replevin-bail. It alleged a revived judgment, and an execution thereon, against *Cammack*, and was returnable on the 25th of *June*, at which time the cause was continued to the 7th of *July*. At that date, the justice amended, as it is called, by entering up judgment on his docket against *Cammack*, the judgment-debtor, on the second return of "not found" made to the *scire facias* against him on the 4th of *April* previous.

The defendant objected.

A plea by *Burton* of the statute of limitations was rejected in the Circuit Court, and, as has been stated, that Court gave judgment, as the justice had done, awarding execution against *Burton*.

At the time *Burton* became replevin-bail upon the judgment against *Cammack*, the law did not give to his undertaking the force of a judgment, as, since the statutes of 1843, it has to similar ones. His amounted simply to an obligation to pay the judgment if it could not be made by an execution against the principal debtor, and constituted the foundation on which a judgment against the bail might be placed upon such a contingency having happened. No joint execution could then, as it can now, issue against the judgment-debtor and the bail, before a justice of the peace; and it devolved upon the plaintiff,

Nov. Term,
1853.
─────
Burton
v.
McGregor.

before attempting to proceed by *scire facias* against the bail, to have an execution returned "no property," &c., against the principal; and it was necessary, on the trial upon the *scire facias*, for him to prove that he had done this. In the present case, had the execution-plaintiffs elected to issue an execution on the original judgment, without a revivor against *Cammack*, and succeeded in procuring a return of "no property" upon it, there being no motion interposed to set it aside before its return, we do not decide what the effect might have been. As it is, the plaintiffs elected to revive, and to issue their execution, according to its purport, upon the revived judgment, and their proof upon the trial must necessarily have corresponded. They might, therefore, upon such trial, have been called upon to show a revived judgment against *Cammack*, as the foundation of the execution against him. This shows that the amendment by the justice, in entering up judgment against *Cammack*, was material in the present suit, and that, consequently, the defendant in it had a right to raise the question as to his power to make the amendment.

A proceeding by *scire facias* is a suit in which the defendant must have notice, is entitled to appear and plead, and have a trial of issues made. It falls, therefore, within the cases in which the statute fixes the time for the rendition of judgment. The longest time allowed is four days from the submission of the cause. Upon a default, the return-day of process, when service has been made in time, is the day of submission, unless a continuance is entered. None was entered in the case in question. The failure of the justice, therefore, to enter judgment within the period required, worked a discontinuance of the suit, and terminated his authority over it. The plaintiff should have recommenced the suit. The entry of judgment by the justice, at the time he did, was an act *corum non judice*, and void. *Young* v. *Rummell*, 5 Hill (N. Y.) R. 60.

The Court did right in rejecting the plea of the statute of limitations. It was only judgments before a justice

that were barred by the statute. The entry of bail in this case, as we have seen, was not a judgment.

Had *Commack* interposed the plea to the *scire facias* against him to revive, it would have been a bar. *Stipp* v. *Brown*, 2 Ind. R. 647.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. P. Usher*, for the plaintiff.