THE STATE, EX REL. CORY, *v.* BREWER ET AL.

64  131
152  502

JUSTICE OF PEACE.—*Finding and Judgment More than Four Days After Trial.—Dismissal of Cause by Circuit Court.*—The fact that the justice's transcript, in a cause appealed from a judgment rendered by him to the circuit court, shows that his finding was made and the judgment rendered

by him more than four days after the trial of the cause, is not ground for dismissing the cause.

SAME.—The entry of such judgment was an act *coram non judice,* but, on appeal to the circuit court, the judgment was opened and the cause there stood for trial *de novo.*

From the Henry Circuit Court.

*J. Brown* and *J. M. Brown,* for appellant.

*M. E. Forkner,* for appellees.

BIDDLE, J.—Complaint by the appellant against the appellees, founded on the official bond of a justice of the peace.

The suit was commenced before a justice of the peace in Randolph county.

Judgment for appellant.

The appellees appealed to the Randolph Circuit Court, from which a change of venue was taken to the Henry Circuit Court.

A bill of exceptions informs us, that " The defendants in the above entitled cause moved the court to dismiss said cause, for the reason that the transcript of the justice of the peace before whom said cause was tried showed that the justice made his finding, and rendered judgment, more than four days after the trial of said cause before him, which motion the court sustained, and dismissed said cause, to which ruling, in sustaining said motion and dismissing said cause, the relator, Isaac S. Cory, objected and excepted."

Judgment of dismissal and appeal.

This ruling is wrong. When the case was appealed from the judgment of the justice, the, judgment he rendered was opened, and the case left pending as if no judgment had ever been rendered. The judgment, whether right or wrong, no longer existed. It was simply a pending suit. The case of *Burton* v. *McGregor,* 4 Ind. 550, cited by the appellees, does not sustain them. That case was a *scire facias* to obtain execution on a judgment, not on an

appeal from a judgment, in which the court very properly says : " The entry of judgment by the justice, at the time he did, was an act *coram non judice;*" not that the case itself was *coram non judice.* The rendition of a wrong judgment by a justice is no ground for dismissing the cause on appeal. *The Louisville, New Albany and Chicago R. W. Co.* v. *Breckenridge, ante,* p. 113.

We do not decide that the appeal might not have been dismissed, but are clearly of the opinion that it was erroneous to dismiss the action.

The judgment is reversed, at the costs of the appellees; cause remanded, with instructions to overrule the motion to dismiss the cause, and to reinstate the same for further proceedings.