## ROBERTS *v.* DONAHOE.

[No. 23,573. Filed May 20, 1921. Rehearing dismissed September 7, 1921.]

1. ELECTIONS.—*Action to Contest.—Omission in Findings.—Exceptions.—Effect.*—Where the court in an election contest found that for certain enumerated reasons a contested ballot ought to be counted as a valid ballot, and for certain other reasons another contested ballot is invalid and should not be counted, but does not state for whom the marks on either of the ballots indicated that it was intended to be cast, the mere fact

Roberts *v.* Donahoe—191 Ind. 98.

that the contestee took an exception to the ruling of the court in refusing to count the ballots for him did not supply such omission. p. 101.

2. ELECTIONS. — *Action to Contest.* — *Ballots.* — *Distinguishing Marks.*—*Special Finding of Facts.*—*Insufficiency.*—In an election contest the findings of the trial court that there were certain marks upon several ballots, but that they were not made by design or as distinguishing marks, and that there were small holes in one of the ballots caused from defects in the paper and not from intentional mutilation, *held* insufficient to. overcome a general finding that the contestor was elected by a plurality of one vote, or to establish that any of the ballots so marked or defective were invalid. p. 101.

3. APPEAL.—*Presenting Questions for Review.*—*Sufficiency of Evidence.*—*Bill of Exceptions.*—*Brief.*—The court on appeal will not consider an assignment of error that the findings are not sustained by sufficient evidence, where no bill of exceptions signed by the judge was filed and there is no order of the court reciting the evidence or any part of it, and appellant has failed to comply with Rule 22 of the court in setting out in his brief "a condensed recital of the evidence in a narrative form so as to- present the substance clearly and concisely." p. 102.

4. APPEAL.—*Record.*—*What Constitutes.*—*Agreement of Parties.* —*Effect.*—An agreement of the parties in an election contest, that certain "ballots shall be made a part of the record" to be used on appeal, did not operate to make such ballots a part of the record, as that which constitutes a part of the record on appeal is not determined between the .parties, but only that which is properly authenticated in the manner provided by law. p. 102.

5. APPEAL.— *Review.*— *Presumptions.*— *Evidence.*— *Findings.*— *Conclusiveness.*—On appeal it will be presumed that there is evidence to support the findings of the trial court as all presumptions are indulged in. favor of the correctness of the trial court's actions, unless the contrary is affirmatively shown by the record. p. 103.

6. APPEAL.—*Record.*—*Bill of Exceptions.*—*Evidence.*—*Authentication.*—The court on appeal could only know that ballots attached to the transcript were read in evidence by a proper statement to that effect in a bill of exceptions signed by the judge and duly filed as a part of the record or by an order of the court setting them out at length, and could not consider pages subjoined by appellant to his brief following the signature of counsel purporting to set out the contents of the ballots. p. 103.

7. CONSTITUTIONAL LAW.—*Legislative Power.*—*Encroachment on Judiciary.*—*Rules of Court.*—The Supreme Court has power to make its own rules as to briefs and as to the conduct of business before the court, and §3, Acts 1917 p. 523 (§691a *et seq.* Burns' Supp. 1918) in so far as it refers to rules relative to the sufficiency of briefs and the pointing out of defects therein, is unconstitutional. p. 104.

From Daviess Circuit Court; *James W. Ogdon,* Judge.

Action by Michael Donahoe against Rett A. Roberts. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*Hastings, Allen & Allen, George A. Faith,* and *Mattingly & Myers,* for appellant.

*Alvin Padgett, Flavian Seal* and *Wm. P. Dennigan,* for appellee.

EWBANK, J.—This was an action by the appellee against the appellant to contest an election to the office of township trustee. The election boards of the two precincts in the township counted 165 votes for each candidate, after which the inspectors cast lots and declared the appellant elected. Appellee petitioned for a recount, and the board of commissioners decided, upon such recount, that each candidate received 166 votes. On appeal to the circuit court a special finding was made at the request of both parties, upon which the court stated a conclusion of law that the appellee received 165 valid votes and the appellant only 164, and rendered judgment that the appellee was entitled to the office and should recover costs. Appellant's motion for a new trial for the alleged reasons that the verdict is not sustained by sufficient evidence and is contrary to law, was overruled and he excepted and duly perfected a term appeal. He had also excepted to the conclusions of law at the time they were made and has assigned as error that the trial court erred in each of its conclusions of

law, and that it erred in overruling his motion for a new trial.

The eleventh special finding recites that "the court finds that at said election 165 valid ballots were cast for the contestor, Michael Donahoe, and that 164

1. valid ballots were cast at said election for the contestee, Rett A. Roberts." In addition to this the court found that, for certain enumerated reasons "ballot No. 21 * * * ought not to be counted as a valid ballot in this action," and that for certain other reasons, as set out, "ballot No. 6 * * * is invalid and should not be counted," but does not state for whom the marks on either of these ballots indicated that it was intended to be cast. And the mere fact that appellant took an exception to the ruling of the court "refusing to count ballots 6 and 21 for the contestee" does not supply such omission.

The court found that an ink blot on the face of ballot No. 5 "was not intended as a distinguishing mark, * * * but may have been placed there by accident" by some one other than the voter; that a curved line of lighter shade connecting the ends of the two lines making the cross with which ballot No. 7 was marked in the circle of the Democratic emblem "does not appear to have been made by design * * * but was probably made by some nervous twitch of the hand holding the pencil"; and that some small holes at the foot of ballot No. 15 "arose from a defect in the paper and without any intentional mutilation," and that these three ballots should be counted for appellee, the contestor.

The finding in general terms that 165 valid ballots were cast for appellee and only 164 for appellant, upholds the conclusion of law by the court that ap-

2. pellee was elected, if the special finding was sufficient in other respects. Neither did the findings that there were certain marks upon the ballots and

defects in the paper on which one of them was printed, but that these were not made by design or as distinguishing marks, overcome such general finding nor establish that any of the ballots so marked were invalid. *Spaulding* v. *Romack* (1916), 185 Ind. 105, 113 N. E. 229.

We have not considered and do not decide anything as to the sufficiency of the special finding in other respects not questioned by appellant's brief; but it sufficiently found that more legal ballots were cast for appellee than were cast for appellant.

Appellant insists, however, that the special finding as to each of these five ballots was wrong, and that his motion for a new trial ought to have been sustained.

3. No bill of exceptions was filed. There was no order of court reciting the evidence or any part of it. And appellant has not set out in his brief "a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely," as is required by Rule 22, "if the insufficiency of the evidence to sustain the finding is assigned." Ewbank's Manual (2d ed.) §§35, 36, 180, and authorities cited.

A recital in the special finding states that "the court now finds that by agreement of the parties said ballots (designating them by numbers) shall be made a

4. part of the record in this cause and that said ballots may be used on any appeal of this cause without procuring a photographic or other copy or exemplification of the same." Appellant stated in his praecipe that "the 9 contested ballots agreed by the parties and ordered by the court to be sent up on appeal as part of the record are to be incorporated as they are into the record." And the clerk's certificate on the last page of the transcript states that it contains copies of certain papers and entries called for by the praecipe, and also "the nine original disputed ballots  *  *  *

in the exact and precise condition in which they were delivered to me by the said court." Pinned together and fastened, by a wire "clip" slipped over the edge of the ballots and of the leaf of the transcript, to the page on which the clerk's certificate is written, are a number of sheets of yellow paper, marked (respectively) "No. 5," "No. 6," "No. 7," etc. These purport on their face to be ballots on which appellant and appellee are named as opposing candidates for the office of township trustee. But they are not otherwise identified as having been read in evidence nor as having been voted or offered to be voted at the election. And the judge has not in any manner certified that they constitute all or any part of the evidence introduced at the trial. Ewbank's Manual (2d ed.) §§30, 30a. The agreement of parties recited in the finding did not operate to make anything part of the record on appeal which was not made part thereof in a manner provided by law. What constitutes part of the record on appeal is not determined by agreements between the parties. Ewbank's Manual (2d ed.) §§117, 208.

It must be presumed that there was evidence of the residence and eligibility to serve as trustee of the contestor (appellee), and of the other facts necessary to make out his cause of action, since the trial court found in his favor, and all presumptions are indulged in favor of the correctness of its action, unless the contrary is affirmatively shown by the record. Ewbank's Manual (2d ed.) §§122, 198.

And this court could only know that the ballots attached to the transcript were read in evidence by a proper statement to that effect in a bill of exceptions signed by the judge and duly filed as part of the record, or by an order of court setting them out at length. Ewbank's Manual (2d ed.) §§35, 36.

Appellant has subjoined to his brief, after the end of his "argument" and following the signatures of counsel, eight pages marked "No. 5," "No. 6," etc., to correspond with the numbers by which certain of the ballots referred to in the special finding are designated, each page purporting to set out the contents of a ballot on which appellant and appellee are named as candidates for the office of township trustee. On each of these copies of ballots somebody has made marks, and erasures or blots, with a blue pencil, black pencil or ink, in imitation of what is assumed to have appeared on the contested ballots. But such a recital in the brief cannot take the place of a proper recital, by bill of exceptions or otherwise, duly authenticated by the trial judge, of what evidence was heard by the court.

No question is presented as to the sufficiency of the evidence to sustain the finding.

Appellant urges that the appellee waived all objections to the sufficiency of the transcript by failing to present them within the time allowed by Acts 1917 p. 523, §3, §691a et seq. Burns' Supp. 1918.

But so far as that statute assumed to control the court, and to set aside the rules of court, it has been held unconstitutional. Solimeto v. State (1919), 188 Ind. 170, 122 N. E. 578.

The judgment is affirmed.

Myers, J., absent.