STATE EX REL. HARLAN *v.* MUNICIPAL COURT OF MARION COUNTY ET AL.

[No. 27,816. Filed January 27, 1943.]

*Donald R. French,* of Indianapolis, for relator.

*Otto W. Cox,* of Indianapolis, for respondents.

RICHMAN, C. J.—This is an original action in which relator by petition verified by his attorney seeks a writ of prohibition against respondent Lewis E. Marine as judge *pro tempore.* Both respondents have made returns under oath to the temporary writ heretofore granted. A verified reply has been filed by relator. It

contains allegations of some facts but consists principally of argument. By these pleadings is disclosed a controversy between relator's attorney and the respondent judge which ought not to have required action by this court. Certain undisputed facts sufficiently appear.

Respondent Marine presided as judge *pro tempore* in the Municipal Court of Marion County, Room No. 2, in an action numbered 85748, wherein respondent Roy Wilmeth Co. was plaintiff and relator was defendant. At the conclusion of a trial, September 12, 1941, before a jury the judge directed a verdict for the plaintiff and judgment was immediately entered. Relator seasonably filed a motion for new trial. After argument and submission of memoranda the judge told relator's attorney that the motion would be overruled but no ruling thereon was in fact shown either by judge's minutes or order book entry until December 28, 1942, the day on which relator's petition was filed in this court. December 9, 1942, relator filed an application in the trial court under the proviso in § 2-2102, Burns' 1933, § 360, Baldwin's 1934, alleging that the judge *pro tem* had had the motion for a new trial under advisement for more than ninety days and seeking withdrawal thereof and appointment of a special judge to pass upon the motion. He contends that thereby the judge *pro tem* lost jurisdiction.

Under the principles discussed in *State ex rel. Youngblood* v. *Warrick Circuit Ct. et al.* (1935), 208 Ind. 594, 196 N. E. 254, we doubt the constitutional validity of this proviso. Waiving this question, which it is unnecessary to decide, the proviso in so far as it would permit appointment of a special judge, after a trial before another judge, to pass upon a motion for new trial was superseded by Rule 1-9 of this court

adopted in connection with the decision of *State ex rel. Hodshire* v. *Bingham, Judge* (1941), 218 Ind. 490, 33 N. E. (2d) 771, 134 A. L. R. 1126. The rule and the reasons for its adoption are stated in the opinion. In *State, ex rel., Cheeks* v. *Wirt* (1932), 203 Ind. 121, 130, 132, 177 N. E. 441, 444, wherein § 2-2102, *supra,* was declared to be procedural, it was also said that it is "the duty of a trial court to overrule a motion to withdraw submission and to appoint a special judge when the party making the motion is responsible for or consents to the delay."

Some of the delay below was the fault of relator's attorney. The judge *pro tem* did not help the situation by attempting to rule in the absence of attorneys for the parties. It does not clearly appear whether an entry overruling the motion for a new trial was made on or after December 28, 1942. In this state of the record, the temporary writ of prohibition will be and is hereby dissolved, the respondent judge is ordered to expunge from the record the aforesaid entry of December 28, to overrule relator's motion of December 9, to notify the parties of a day within ten days hereafter when he will rule on the motion for a new trial and in their presence to announce his ruling, make the proper minute thereof on the judge's docket, cause it to be entered on the order book and when so entered sign the entry and to take such other steps in the disposition of said cause as are in conformity with the statutes and the rules of this court.

NOTE.—Reported in 46 N. E. (2d) 198.