BOARD OF MEDICAL REGISTRATION AND EXAMINATION
*v.* TURNER.

[No. 29,810. Filed July 1, 1960. Rehearing
denied October 20, 1960.]

*Edwin K. Steers*, Attorney General, and *Thomas L. Webber*, Assistant Attorney General, for appellant.

*Daily & Daily*, of Indianapolis, and *Kennerk & Dumas*, of Ft. Wayne, for appellee.

LANDIS, J.—Appellee filed in the court below his petition for a judicial review of the order and determination of appellant Board of Medical Registration and Examination denying him a license to practice chiropractic in the State of Indiana. The court entered finding and judgment adjudging the order and determination of the board to be invalid, setting the same aside and ordering the board to grant appellee forthwith a license to practice chiropractic in the State of Indiana.

Appellant has contended that the court below erred in overruling appellant's motion to withdraw the submission of the cause because of the failure of the judge below to rule within 90 days from the date the cause was submitted to him and taken under advisement under Rule 1-13 of this Court.

It appears that the transcript of the board's proceedings was filed with the court in November 1956, and the special judge assumed jurisdiction on May 14, 1957. That on June 18, 1957, said judge heard arguments and ordered a supplemental transcript to be filed on or before September 1, 1957. At said time said order further stated the cause was submitted to the court on the original transcript and the court took said cause of action under consideration for determination at a time to be fixed by the court. On September 3,

1957, the supplemental transcript was filed, and on October 11, 1957, the entry of filing of the same was made in the court's entry docket. On October 28, 1958, the court ordered the parties to file their special findings of fact and conclusions of law, and on November 1, 1958, appellant filed its suggested findings of fact and conclusions of law. On November 7, 1958, appellant filed its application for withdrawal of submission, which was overruled on March 16, 1959, and finding and judgment in the cause was then entered for appellee setting aside the order of the board.

Upon the basis of the above facts we do not believe appellant can properly contend the court erred in refusing to grant his application to invoke Rule 1-13. While Rule 1-13, known as the "lazy judge rule," should be given a construction that will carry out its purpose to expedite decisions by trial judges, it is well settled that a party cannot claim the benefit of Rule 1-13 when by his conduct he has consented or waived his right to claim it. See: *State ex rel.* v. *Wirt* (1932), 203 Ind. 121, 177 N. E. 441; and *State ex rel. Harlan* v. *Municipal Court* (1943), 221 Ind. 12, 46 N. E. 2d 198, decided under the similar 60 day statute.

It is clear from the record in the case before us that on October 28, 11 days before the filing of appellant's motion to withdraw submission, the court ordered the parties to file their special findings of fact and conclusions of law and that pursuant thereto, appellant on November 10, six days before filing its motion under Rule 1-13, filed its suggested findings and conclusions. If appellant had cause previously to invoke Rule 1-13, it is our opinion that appellant waived its right to claim the benefit of such rule, as the record shows clearly appellant voluntarily filed his suggested findings and conclusions pursuant to the court's order

of October 28 instead of asking for the withdrawal of submission. A party's right to claim the benefit of Rule 1-13 may be waived if instead of asserting it, such party takes voluntary action of record in the cause inconsistent with the right to claim under the rule.

In the remainder of this opinion we shall limit ourselves to a discussion of the three matters which appellant states in its brief are the only questions for determination:

(a) Was appellee a continuous resident of the State of Indiana from December 1, 1953, to December 1, 1954; and

(b) did appellee continue to practice in Indiana during that period; and

(c) the question raised by appellee as to whether said statute requires practice in Indiana or does practice any other place qualify appellee for licensure?

The statute under which appellee applied before appellant board for a license to practice chiropractic in Indiana (Burns' §63-1330, 1957 Supp.)[1] is as follows:

"Any person, who, prior to December 1, 1953, was graduated from a legally incorporated chiropractic school, institution or college and who holds a license to practice chiropractic in any state of the United States which state requires a written examination of applicants as a qualification to secure a license to practice chiropractic, shall be granted a license by the board to practice chiropractic in this state without an examination, upon the payment of a fee of one hundred dollars [$100.00], provided that the applicant meets the following qualifications:

"(1) That the applicant was a resident of the state of Indiana and actively engaged in the practice of chiropractic prior to December 1, 1953;

---

1. Acts 1955, ch. 42, §5, p. 87.

"(2) That the applicant continued to be a resident of Indiana and to practice chiropractic until December 1, 1954; and

"(3) That the applicant is at least twenty-one [21] years of age, of good moral character and a citizen of the United States.

"(4) That application be filed within sixty [60] days from the effective date of this act [March 4, 1955]."

With regard to (a) and (b) above, appellant contends there was substantial evidence introduced before the board to show that appellee did not continue to practice in Indiana during 1954 and was in fact practicing in Birmingham, Alabama, from April until September, 1954. Appellant further contends the evidence further showed appellee leased some premises in Birmingham, Alabama, where he practiced chiropractic and that he lived during said five months' period on the second floor above said office, that at the expiration of said period he returned to Indiana. Appellant contends that under such a state of facts appellant board was fully warranted in determining that by reason thereof "appellee had changed his residence [from Indiana where it had been for some years] to the city of Birmingham, [Alabama] *whether he intended to do so or not,* and even though he might have had furniture in the State of Indiana." (Emphasis added.)

In considering (a) above it is necessary to determine whether the term "resident" used in the statute is used in the sense of actual resident or domiciliary.

It is the general rule in construing a statute which prescribes residence as a qualification for the enjoyment of a privilege, or the exercise of a franchise, that domicile and residence are deemed to be equivalent or synonymous, i.e., that the word residence is deemed to mean domicile. 28 C. J. S., "Domicile,"

§2(b), pp. 5 and 7, notes 14 and 26; 19 C. J., "Domicile," §§2 and 3, pp. 395-397; *Evans* v. *Evans* (1940), 141 Fla. 860, 194 So. 215; *Minick* v. *Minick* (1933), 111 Fla. 469, 149 So. 483. As nothing appears to indicate a contrary meaning was intended by the legislature, it is our opinion that "resident" was used in the instant statute in the sense of "domiciliary."

The term domicile in a strict legal sense has been defined as the place where a person has his true, fixed, permanent home and principal establishment, and to which place he has, whenever he is absent, the intention of returning. Ballentine Law Dictionary, p. 400. To acquire a domicile of choice, there must be an actual residence in a particular place together with an intention to remain there. A place cannot serve as a domicile merely by force of bodily presence there when it is unaccompanied by an intention to live there permanently, or at least indefinitely. 11 I. L. E., "Domicile," §2, p. 3. As distinguished from domicile, residence may be any place of abode or dwelling regardless of how temporary. See: Cases cited in 28 C. J. S., "Domicile," §2, footnote 14, p. 5.

It is apparent to us, as we believe it is to appellant from his argument, that the evidence introduced before the board below, did not show any intention on the part of appellee to change his domicile from Indiana to Alabama where he remained only some five months. The evidence further showed that he travelled to South Carolina while he was in Alabama to take the chiropractic examination there, that he was also admitted to practice chiropractic in Kentucky, that he had a chiropractic office in Montpelier, Ohio. He kept his household goods and mailing address in Indiana continuously.

Appellant's argument that appellee's intention makes no difference in determining whether appellee lost his

residence while he was five months in Alabama, is not well taken since we must consider residence to be used in the sense of domicile, and intention to remain away permanently or at least indefinitely is essential in order to change domicile to a foreign place.

As to appellant's contentions (b) and (c) which are in substance that appellee was required to make a showing before the board that he continued to practice chiropractic *in Indiana* to December 1, 1954, we are constrained to come to the opposite conclusion.

The statute (Burns' §63-1330, *supra*) merely states in this connection it is necessary:

"That the applicant continued to be a resident of Indiana *and to practice chiropractic until December 1, 1954*." (Emphasis added.)

The statute is silent as to the place where an applicant for a license must have continued to practice chiropractic.

We are dealing here with what is commonly called the grandfather provision of the Chiropractic Statute admitting under certain conditions without examination graduates of chiropractic schools *holding a license in another state of the United States*.

When this section of the statute (Burns' §63-1330, *supra*) is compared with the prior section (Burns' §63-1329, 1959 Supp.),[2] which is fundamentally different in providing applicants ". . . who have *practiced chiropractic in the state of Indiana* for at least [1] year immediately prior to December 1, 1954, . . ." (emphasis added) may take an examination without educational requirements, it appears that the legislature would have specifically required practice in Indiana under Burns' §63-1330, *supra*, if it had intended

---

2. Acts 1955, ch. 42, §4, p. 87.

to make that necessary. It is further quite logical that an applicant upon a foreign license of another state of the United States, as here, would properly have practiced in another state where he was legally permitted and authorized to practice, and that such practice was what was intended by the legislature, rather than an unauthorized practice in Indiana where the applicant was not admitted to practice. The previous section (Burns' §63-1329, *supra*) had no connection with foreign licenses to practice and therefore could not have intended foreign practice to suffice, and accordingly it expressly required Indiana practice. And if two constructions of Burns' §63-1330, *supra,* were equally plausible, which we believe they are not, and if one construction contemplated lawful conduct and the other unlawful conduct on the part of the applicant in order to obtain a license, we should presume the legislature intended applicants for licenses to comply with our laws rather than to violate them. The law is well settled that we should construe a statute if possible in a manner harmonious to and consistent with other laws, rather than in a manner conflicting therewith. 82 C. J. S., "Statutes," §316(a), pp. 540-545; *Medias* v. *City of Indianapolis* (1939), 216 Ind. 155, 23 N. E. 2d 590, 125 A. L. R. 590.

We must conclude there was no evidentiary basis on which the board could properly hold appellee had ▪ failed to prove residence or the practice of chiropractic as required under the statute.

It appears that appellant's contentions as to (a), (b) and (c) are not meritorious, that the court below on judicial review correctly held the board's denial ▪ of a license to appellee was unsupported by substantial evidence, was arbitrary and capricious, and not in accordance with law.

As no reversible error has been presented by appellant, the judgment is affirmed.

Jackson, C. J., and Bobbitt, Achor and Arterburn, JJ., concur.

NOTE.—Reported in 168 N. E. 2d 193.