KRINER *v.* BOTTORFF, SECRETARY OF STATE.

[No. 20,477. Memorandum filed January 17, 1966.
Reply filed January 18, 1966.]

*William H. Sparrenberger,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, *Virginia Dill McCarty, Wilma Turner Leach* and *Raymond I. Klagiss,* Deputies Attorney General, for appellees.

## MEMORANDUM

MOTE, J.—The record in this case appears to reveal that on the complaint in equity, filed in Superior Court No. 3 of Marion County, said complaint sought, and there finally was issued by that court, after hearing, a temporary injunction restraining and enjoining the defendants therein, officially and personally, from the enforcement of Chapter 47 of Indiana General Assembly of 1965, because of the unconstitutionality of said Act.* The record appears to reflect that there was no motion to modify the said temporary injunction as it pertained to the defendants in their individual capacity.

It was admitted at the oral argument that there was an appeal to the Supreme Court of Indiana from said temporary restraining order and injunction, issued after notice and hearing, which said appeal has been fully briefed and is now pending determination by the said Supreme Court of this State.

A Special Session of the General Assembly was called after the above appeal had been taken and submitted to the Supreme Court, for the purpose of considering and enacting legislation concerning reapportionment, during which said Special Session the General Assembly enacted Senate Enrolled Act No. 475 to which reference herein is made.

Pursuant to the provisions of said Senate Enrolled Act No. 475, the Attorney General of Indiana filed in this Court a petition and a record made in the trial court, asking for relief as said Senate Enrolled Act No. 475 provides. The matter was set for oral argument before the full Court on

---

\* The opinion of the trial court may be found in Vol. 6, Ind. Dec., p. 117 *et seq.,* Advance Sheet No. 3, Sept. 3, 1965.

Monday afternoon, at 2:00 P.M., November 22, 1965, and, as the said Enrolled Act provides, this Court on said date, after oral argument, made a determination that it would take no steps whatever. Thus it appears, if said Enrolled Act No. 475 has constitutional validity, that the failure to take any action by this Court results, by operation of the provisions of said Act, as a dissolution of the temporary injunction issued by the trial court, as heretofore stated.

For my part, I think it is incumbent upon me to state the reasons for participating in the determination of this matter and the taking of no action in relation to the petition filed, presented and heard in this Court, as it is my understanding that there is a basic difference in view in the reasons for taking no action.

It is my opinion that because of the constitutional invalidity of Senate Enrolled Act No. 475, this Court has no jurisdiction in the matter and, of course, if it has no jurisdiction this Court can decide nothing. Because this Court has no jurisdiction I would remand the case to the trial court, which should await the decision of the Supreme Court of Indiana and then proceed according to its decision and determination.

My own determination as to the invalidity of Senate Enrolled Act No. 475 is based upon two propositions and conclusions. The first proposition and conclusion is that the Attorney General of Indiana cannot be vested with the judicial power of determining whether a case of the character of this one should or should not be removed to this Court; but more significant, I think, is the second proposition and conclusion, namely, that the provisions of said Act encroach upon the judicial functions of the courts which constitute one of the separate, distinct and independent branches of our three arms of government, to-wit: the executive and administrative, the legislative, and the judicial. As stated in *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399:

" 'The General Assembly shall not pass local or special laws, in any of the following enumerated cases, * * *:

. . . (3) Regulating the practice in courts of justice' (Article 4, § 22) * * *." (Constitution of the State of Indiana.)

To be more specific in relation to the statements made in the next above paragraph, it is my opinion that the General Assembly lawfully cannot provide that the Attorney General of Indiana, a legislative officer, shall remove a case such as this under the circumstances here extant, to-wit: "whenever he deems it necessary or desirable for the purposes of the uniform and orderly enforcement and effectiveness of acts of the General Assembly of state-wide public interest and concern that the case be determined by a court with state-wide jurisdiction." (Sec. 3, Enrolled Act No. 475.)

The history of the transfer of cases from one court to another indicates to me that where transfers from one court to another, such as from a state to a federal court, a judicial process is involved and only on the authority of the determination of a court is such a transfer finally effected.

As to the second proposition and conclusion above referred to, I think it is an infringement upon the rights of the courts for the General Assembly to provide how and at what time a case shall be decided and whether it shall be decided by a majority, or whether a majority has to be provided to determine what shall be done.

Section 13 of said Act provides as follows:

"SEC. 13. Nothing herein contained is intended to have the effect of withdrawing from the Supreme Court or limiting any jurisdiction the Supreme Court now possesses."

In relation to the next above quoted section I must confess that the provisions of the entire Act now under consideration do not square with the expressed intent of the General Assembly in this particular case, because to recognize the separate provisions of the Act in the matter now before this Court, in my opinion, would show an intention and have the effect of withdrawing from the Supreme Court of Indiana, at least temporarily, jurisdiction over a case and subject matter which

now is before it on an appeal which fully, finally and completely has been submitted.

The provisions of this said Act do not permit the exercise by this Court of the study and caution so necessary in judicial deliberations.

*State ex rel. Kostas* v. *Johnson* (1946), 224 Ind. 540, 69 N. E. 2d 592, and numerous authorities therein cited, seem to support this statement. To quote extensively from them would unduly lengthen this opinion. Suffice it to say that these authorities amply demonstrate that the said Act of the Second Special Session of the General Assembly, 1965, is "unconstitutional and void as legislative interference with judicial functions."

By their opinions and decisions in *Curless* v. *Watson* (1913), 180 Ind. 86, 102 N. E. 497, followed by *Warren* v. *Indiana Telephone Co., supra,* as well as other cases deemed unnecessary for references, the Supreme Court has stated with sufficient clarity and succinctness what its role is and what it will insist upon in our scheme of government, particularly as its role concerns other courts, and also as its role concerns a separate, independent and distinct branch of our government.

The *Warren* case has been often criticized by judges, lawyers and citizens and also, as evident from a reading of the *Curless* case, *supra,* by the legislative branch of government. Frankly, I concede that the Supreme Court is correct in its assumed position. However, this admission does not suggest that the long existing doctrine of judicial restraint should not be self-imposed.

It has come to my attention that many recommendations from responsible citizens and responsible organizations have been made in the past to the various sessions of the General Assembly, most of which have failed to bring about positive action.

The rights of the people of Indiana are involved. This

is a republic and their representatives in the General Assemblies doubtless will hammer out and enact such appropriate and desirable valid legislation to meet constitutional requirements. Said Senate Enrolled Act No. 475 does not meet the necessary tests as to its constitutional validity and does not provide an orderly process of government and responsible judicial determination, according to precedent and law.

As stated above, since this Court has no jurisdiction in the matter, this cause ought to be remanded to the trial court.*

## MEMORANDUM IN REPLY TO
## MEMORANDUM FILED BY JUDGE MOTE

SMITH, P. J.—On January 17, 1966 Judge Mote filed with the Clerk of the Supreme and Appellate Courts a memorandum in the above entitled cause of action.

To prevent any confusion that might arise concerning the nature and effect of this memorandum, I in an individual capacity and not speaking for the court as an officer thereof

---

* Since the final draft of the above remarks, there came to the Appellate Court and there were presented oral arguments, together with certain briefs and affidavits in the cause styled as *JAMES E. ULRICH, as Republican Member, Marion County Board of Registration VS. JAMES BEATTY, as Chairman, Marion County Democrat Central Committee, et al.*, docketed herein as Cause No. 20509 on the Petition to Transfer said cause by the Attorney General of Indiana from the Superior Court of Marion County in pursuance of the provisions of said Act of the Second Special Session of the General Assembly, 1955.

At the said oral argument I understood that the Attorney General concedes that he has no authority finally to determine that a transfer in any given cause should be effected; that he could decide only whether a petition to transfer such a cause should be determined by this Court wherein the authority and power reposes to make a judicial determination whether such transfer should be permitted, authorized and allowed. This being true, I now have the opinion that the first reason, above discussed, as to the exercise of judicial determination by the Attorney General no longer would govern. However, the other expressed reason, or reasons, set forth above appear to continue to exist, as witness my dissent in *Ulrich* after the oral argument on January 11, 1966.

am filing this reply memorandum with the Clerk of the Supreme and Appellate Courts.

The above entitled cause of action was an original action filed with this Court pursuant to the provisions of Chapter 7 of the Acts of the Indiana General Assembly of 1965, 2nd Special Session. Section 7 of this Act reads in pertinent part as follows:

"At the time of removal of a case by the Attorney General, the Chief Justice of the Appellate Court of Indiana, or in his absence, the Presiding Justice, shall fix a date and hour not less than three (3) days nor more than seven (7) days after the date of removal, on which oral arguments will be heard and additional affidavits received on the question of whether any restraining order or preliminary mandate issued by the court in which the case was filed shall be continued in effect until the question of granting a temporary injunction or writ of mandate is heard and determined. *The court en banc shall hear such arguments and review whatever additional affidavits may be offered by any party, and unless at least five (5) judges who hear such oral arguments sign an order on the day of such argument continuing the restraint or mandate in effect as originally issued or as modified by a new order, all restraint or mandate shall thereupon stand dissolved by operation of law.* The presence of less than five (5) judges at the time stated in the order for the argument shall also have the effect of dissolving the restraining order or writ of mandate. * * * (Emphasis supplied)

The above entitled matter, pursuant to the provisions of Section 7 as quoted herein, was set for oral argument before this Court sitting in banc on November 22nd, 1965 at 2:00 p. m. As a result of this hearing, at least five judges of this Court took no action, which negative action, according to the provisions of Chapter 7, Section 7 of the Acts of the Indiana General Assembly, 1965 2nd Special Session as quoted above, had the effect of dissolving the temporary injunction and therefore the temporary injunction stands dissolved by operation of law. This was the only issue decided by this Court. No written opinion reflecting the Court's decision was ever

agreed upon and filed by our Court in the office of the Clerk of the Supreme and Appellate Courts.

The so called memorandum of Judge Mote's does not in any manner properly present any official opinion of this Court, or of any member of this Court speaking in an official capacity—it merely attempts to set forth Judge Mote's individual opinion concerning a matter that was not in issue, namely, the constitutionality and validity of Chapter 7, Acts 1965, 2nd Special Session.

NOTE.—Reported in 216 N. E. 2d 38.