284 N.E.2d 792 (1972)
Margaret R. LIES, Plaintiff,
v.
ORTHO PHARMACEUTICAL CORPORATION et al., Defendants.
No. 572S66.
Supreme Court of Indiana.
July 18, 1972.
James H. Kelly, Patrick R. Taylor, Martinsville, for plaintiff.
William P. Wooden, Robert J. Shula, William F. Landers, Jr., Indianapolis, for defendants.
PRENTICE, Justice.
The plaintiff has filed a praecipe with the Clerk of Marion Superior Court, Room 1, under Trial Rule 53.1(A), IC 1971, 34-5-1-1 (formerly designated Trial Rule 53.2 (A) and amended January 19, 1972). Pursuant to said praecipe, the Clerk of said court has certified to this court that a motion to correct errors in the above entitled cause was filed April 4, 1972 and that as of May 10, 1972, the date of the filing of said praecipe, the judge of said court had made no ruling upon said motion.
*793 Under Trial Rule 1-9 then in effect and recently replaced by Trial Rule 63(A) we held in State ex rel. Harlan v. Municipal Court (1943), 221 Ind. 12, 46 N.E.2d 198, that notwithstanding the "lazy judge" provisions of § 2-2102 Burns' Ind. Stat. Ann. 1933 (since repealed and superseded) the judge who presided at the trial of the cause should rule upon the motion for a new trial. We dissolved the temporary writ of prohibition previously granted prohibiting the trial judge from proceeding further in the cause and ordered him to rule upon the motion for a new trial by a day made certain and to take other post-trial steps in conformity with the statutes and court rules. Since that date, and until the effective date of Trial Rule 53.2 on January 1, 1970 (amended and designated Trial Rule 53.1) the appropriate remedy when a trial judge failed or refused to rule upon a motion for a new trial was by writ of mandate. We acknowledge, as stated in State ex rel. Harlan (supra) and the cases therein cited, that the judge who presided at the trial is the logical and best qualified person to pass upon post-trial motions. His duty requires it, and Trial Rules 53.1 (A) (3) and (4) provide for extending the time allowed in appropriate cases. When he fails or refuses to do so, however, the question becomes one of how best to overcome the handicap occasioned by his inactivity. Trial Rule 53.1 is the appropriate vehicle, notwithstanding that in rare instances it may be necessary for the replacement judge to procure a transcript of the evidence or even to grant a new trial or new hearing, in whole or in part, under Trial Rule 63(A); and we hold that Trial Rule 53.1 supersedes our holding in State ex rel. Harlan (supra).
ARTERBURN, C.J., and DeBRULER, GIVAN and HUNTER, JJ., concur.

ORDER
ARTERBURN, Chief Justice.
The Clerk of the Marion County Superior Court, having heretofore on May 10, 1972, filed its notice of withdrawal of jurisdiction under TR 53.1(A) in the above cause, showing that on April 4, 1972 the plaintiff filed a motion to correct errors and that no ruling had been entered thereon by said Court within thirty (30) days from said date as provided by said Rule 53.1(A), and there being no application on behalf of the Honorable Charles C. Daugherty, the judge before whom said motion was so filed, for extending the time of said ruling, the submission of said cause is now withdrawn from the said Honorable Charles C. Daugherty and he is disqualified to determine any of the issues remaining therein, and said cause is hereby transferred to the Honorable William L. Soards.
The Honorable Charles C. Daugherty, Regular Judge of the Marion County Superior Court, Room 1, is hereby ordered to file with this Court, his report stating the nature of the matter or matters held under advisement in said cause and the reason or reasons that occasioned such delay and additionally such facts or circumstances which he deems pertinent, all in accordance with TR. 53.1(D).
The Clerk of this Court is directed to mail forthwith copies of this Order to the Clerk of the Marion County Superior Court, Honorable Charles C. Daugherty, Regular Judge of Room 1 of said court, to the Honorable William L. Soards, Suite 502, 150 West Market Street, Indianapolis, Indiana, the Plaintiff's Attorneys James H. Kelly and Patrick R. Taylor, 40 East Morgan Street, Martinsville, Indiana, and to Defendants' Attorneys, William P. Wooden, 1100 Merchants Bank Building, Indianapolis, Indiana, Robert J. Shula, 2700 Indiana Tower, Indianapolis, Indiana, William F. Landers, Jr., 810 Fletcher Trust Building, Indianapolis, Indiana.
The Clerk of this Court is further directed to file a copy of this Order together with the notice in pursuance of which the same was issued and the response of said Charles C. Daugherty in a permanent file to be maintained in his name, all pursuant to TR. 53.1(E).